**STATE STREET BANK AND TRUST COMPANY, Custodian,**

v.

**UNITED STATES of America, by INTERNAL REVENUE SERVICE,**

and

**Seymour Dember and Marc H. Dember, Trustees Seymour Dember Trust–1987.**

**Civ. A. No. 89–2903 Mc.**

United States District Court,
D. Massachusetts.

Jan. 31, 1990.

Daniel J. Carragher, Day, Berry & Howard, Boston, Mass., for plaintiffs.

Robert J. Foley, Robert A. Trevisani, Daniel J. Kelly, Gadsby & Hannah, Boston, Mass., for defendants.

MEMORANDUM AND ORDER ON CROSS CLAIMANTS' REQUEST FOR PRELIMINARY INJUNCTION

McNAUGHT, District Judge.

This complaint in interpleader was filed by the State Street Bank and Trust Company on December 14, 1989. It alleged that the United States ("IRS") and the Trustees (cross claimants) both claim to be entitled to property held by it as custodian. It asks in part that the court determine the entitlement to the property as between the claimants.

 Seymour Dember is an engineer, stockholder and consultant to two corpora-

tions engaged in structural design and construction. He is the donor of the assets contained in the trust. He and his son Marc, the trustees, seek by way of request for a preliminary injunction, to have the court enjoin the United States from instituting any action against the trustees as transferees or nominees of Seymour Dember, and to enjoin the transfer of trust assets from the bank pursuant to a levy served on the Trust on December 12, 1989 (to collect income tax liabilities of Seymour Dember for the years 1976 through 1981 in the approximate amount of $1,180,000). The trustees claim that the IRS levy was wrongful, and they want the property to be discharged from federal liens.

The request for preliminary injunctive relief must be and is hereby denied. We have considered the affidavit of Seymour Dember and the testimony of Al Mc Donald, the Internal Revenue Service Officer who testified at the hearing. These lead us to certain conclusions. Years of income tax audits had taken place before the creation of the Trust in 1987. Substantial deficiency determinations had been made, and in 1987, when the Trust came into being and approximately $700,000 in securities were transferred to it, petitions were pending in the Tax Court. Eventually, decisions were entered based on settlement agreements. Mr. Dember undoubtedly was aware of the deficiencies in tax starting back in 1976, and yet he transferred the securities to the trust in 1987 without consideration. An inference may be drawn that he put this money aside to avoid collection of his tax liabilities.

Mr. Dember himself became a trustee with his son. By reason of the provisions of the Trust, he retained the right to direct payment of current income to himself as beneficiary. Indeed, he has exercised that right. As for the principal, Marc Dember, his son has the power to direct the payment of principal. As was argued by the United States, since the trustee has the power to do all things which could be done by an absolute owner, loans could be made to Seymour Dember himself or to persons or corporations controlled by him. The Trust, then, became the alter ego of Seymour Dember.

■ Counsel for the trustees argued forcefully that the IRS had no power under the Code to levy; that the IRS should have pursued the course of transferee assessment under section 6901. The IRS, I am satisfied, did not have to bring an action to set aside the conveyance as fraudulent before levying. The levy is proper and it allows the IRS to protect the government's interest while claims are being resolved.

We consider the burden facing the trustees when seeking preliminary injunctive relief: (1) a showing that there is a likelihood of the applicant prevailing on the merits (and we cannot make such a finding in the light of our discussion above); (2) persuading the court that the harm to the applicant outweighs the harm to the person sought to be enjoined; (3) a showing of irreparable injury and (4) a showing that the issuance of the injunction would be in the public interest.

It's difficult to see any irreparable harm to the trustees in the event that injunctive relief is denied. If our assessment of the situation is incorrect and eventually the trustees prevail, even if the assets of the trust were used to satisfy the tax liabilities, the trustees would be entitled to recover the money with interest. Mr. Dember would, of course, lose out on the current income from the trust for the time being, and he says that (see par. 20 of his affidavit, page 6) he and his wife have relied on that income to pay about 40% of their personal living expenses. He says that he has provisionally borrowed funds since the income has not been available since last August, and he has "lived off the gifts of family members". As the IRS has argued, however, the income from the trust currently is about $75,000 a year, which translates into personal living expenses of about $187,500. It would seem that the $112,500 income from other sources would be sufficient to cover reasonable living expenses pending the outcome of this matter.

On the other hand, if the preliminary injunction is granted, we would be acting

contrary to the public interest, which favors collection of taxes.

For the foregoing reasons, the request for preliminary injunctive relief is denied.